By writ, summons and complaint dated August 1, 1956, and served on that day, as appears from the officer's return, the plaintiff brought the within action to recover damages for personal injuries sustained on August 2, 1955, when bitten by a dog alleged to have been owned by the defendant. The writ designates the return day of the action as "the first Tuesday of August, 1956." It has been made to appear that the action was returned to the clerk's office and accepted as if it were a September case, although the jacket of the file lists the action as one brought on the first Tuesday of August, 1956.
The plaintiff has moved for permission to amend the writ by changing the return day to read "The first Tuesday of September." In view of the defendant's opposition, the question presented is whether the court has the power to permit the change sought by the plaintiff.
"From a very early date in this state the time when the action is regarded as having been brought is the date of service of the writ upon the defendant. . . . That, in our judgment, is the sounder rule, because only thus is the defendant put upon notice of *Page 162 
the purpose of the plaintiff to call upon him to answer to the claim in court." Consolidated MotorLines, Inc. v. M M Transportation Co., 128 Conn. 107,109; and see Young v. Margiotta, 136 Conn. 429,433.
As already noted, service was made upon the defendant on August 1, 1956, being one day inside of the Statute of Limitations, which would have run following the succeeding day. By statute (§ 7766 of the General Statutes in conjunction with § 3146d of the 1955 Cumulative Supplement) the plaintiff should have designated the action as returnable on either the first Tuesday of September or the first Tuesday of October, 1956. Clearly, designating the return day as of the first Tuesday of August, 1956 (being on the 7th day of that month), was through inadvertence. However, the defendant was put on ample notice regarding the plaintiff's claim, and service of process was in fact made within the statutory period of one year following the alleged grievance.
That the return day of the action was designated the first Tuesday of August, 1956, and not the first Tuesday of September or October, 1956, appears to be inconsequential. For all that appears, the granting of the motion would not deprive the defendant of anything substantial in a jurisdictional sense or otherwise; and its granting would correct the situation so as to conform to the designation of a return day the plaintiff could have specified properly in the first instance. Had service of process been subsequent to August 2, 1956, a different kind of problem would have been presented. Fortunately for the plaintiff, the latter situation is not the one before the court.
Denison v. Crafts, 74 Conn. 38, is distinguishable. In the case at bar the change of return day is on motion addressed to the court, and the attending circumstances warrant judicial indulgence. *Page 163 
 The plaintiff's motion to amend so as to change the designation of the return day from "The first Tuesday of August" to "The first Tuesday of September" is granted.