## CLAIRE VIERRA *v.* UNIROYAL, INC.

| SUPERIOR COURT | NEW HAVEN COUNTY AT WATERBURY | FILE No. 34390 |

490

Memorandum filed April 28, 1970

 

*Richard D. Casella,* of Naugatuck, for the plaintiff.

*Henry S. Marlor, Jr.,* of Naugatuck, for the defendant.

FITZGERALD, J. By writ, summons and complaint dated November 25, 1969, and served on the following day, as appears from the officer's return on file, the plaintiff brought the within action to recover damages for personal injuries alleged to have been sustained by her on November 26, 1968, when she fell on ice in a parking lot owned by the defendant. The action is one in negligence. The writ designates the return day of the action to this court as the first Tuesday of February, 1970. A file entry discloses that the writ was returned to court on January 23, 1970.

On February 2, 1970, the defendant filed a plea in abatement on the ground that "the court has no jurisdiction, because the original writ, summons and complaint was made returnable on the first Tuesday of February, 1970 (February 3, 1970), which is more than two months after the date of process (November 25, 1969)." The interposed plea was predicated on Public Acts 1969, No. 293, which repeals and is in substitution of § 52-48 of the General Statutes (Rev. to 1968). The effective date of the new statute is May 28, 1969. By memorandum of decision filed March 24, 1970, the court *(Meyers, J.)* sustained the plea.

The substituted and new statute provides, inter alia, that an action brought to this court "may be made returnable on any Tuesday in any month and all process shall be made returnable not later than two months after the date of such process." Counsel for the plaintiff concedes that the error in designating the return day as the first Tuesday of February, 1970, was because they were not aware of the change by the General Assembly in 1969 of the return day from "the next return day, or . . . the next but two," to "not later than two months after the date of such process."

The motion now before the court, filed by the plaintiff after the sustaining of the defendant's plea in abatement to which reference has been made, is for permission to delete the designated return day of the "first Tuesday of February, 1970," and amend and designate "Third Tuesday of January, 1970," in lieu thereof. The third Tuesday in January, 1970, was January 20, 1970.

To be sure, the plaintiff in the first instance could have designated the third Tuesday of January, 1970 (January 20, 1970), as the return day. The file entry discloses that the actual return to the clerk's office of the writ was January 23, 1970, three days after the return day the plaintiff now seeks to have designated by deletion and amendment regarding the originally designated first Tuesday of February, 1970, as return day.

Two statutes are necessarily involved in the problem posed. One is § 52-46 of the General Statutes, relating to time for service of civil process made returnable to this court, and the other is § 52-47, prefaced "Return of process." Both of these statutes are now revised to 1968. Section 52-46 provides, inter alia, that service of process returnable to this court shall be made "at least twelve days, inclusive,

before such day [the day of the sitting of the court]."
In *Daley* v. *Board of Police Commissioners,* 133
Conn. 716, 719, our Supreme Court held that the
requirements in this statute (then Rev. 1930, § 5462)
are mandatory. Section 52-47 provides, inter alia,
that process made returnable to this court "shall be
returned . . . to the clerk . . . at least six days be-
fore the return day." In *LaMothe* v. *Gordon,* 15
Conn. Sup. 504, it was held that the requirements in
this statute (then Rev. 1930, § 5463) are mandatory;
see cases cited in that memorandum.

To better understand the background and scope
of the new statute (Public Acts 1969, No. 293) with
which the pending motion is concerned, and allied
statutes (§§ 52-46, 52-47) concerning service and re-
turn of civil process, general reference is made to
Stephenson, Connecticut Civil Procedure §§ 1
through 3, and footnotes thereto.

The plaintiff in support of her motion places reli-
ance on a memorandum of decision in *Pierino* v.
*Miner,* 20 Conn. Sup. 160, of which the present judge
was the author when a member of the Court of Com-
mon Pleas bench in 1956. In that case the plaintiff
was permitted to amend the return day of his writ
from the first Tuesday of August, 1956, to the first
Tuesday of September, 1956. It is to be noted that
in the case at bar, the plaintiff is seeking to amend
the return day of her writ, not to a period of time
forward, as in *Pierino,* but back in time, to wit, from
the first Tuesday of February, 1970, to the third
Tuesday of January, 1970, which was January 20,
1970. Moreover, it is to be noted that in *Pierino* the
court stated (p. 162) that "[f]or all that appears, the
granting of the motion would not deprive the de-
fendant of anything substantial in a jurisdictional
sense or otherwise." In the case at bar, the grant-
ing of the plaintiff's motion would indeed give rise

to serious jurisdictional questions, because to grant it would nullify §§ 52-46 and 52-47 of the General Statutes. Apparently these aspects were not present in *Pierino* v. *Miner,* supra. Hence the distinction.

The plaintiff's motion to amend is required to be, and is, denied.