MICHAEL H. KARP ET AL. *v.* THE RAY-N-BEAU
CONSTRUCTION COMPANY, INC.

COURT OF COMMON PLEAS     NEW HAVEN COUNTY     FILE No. 88926

Memorandum filed June 13, 1972

*Hilcoff, Kaplan & Friedler,* of New Haven, for the plaintiffs.

*Harold Sobel,* of Bridgeport, for the defendant.

HANRAHAN, J. A writ, summons and complaint dated March 6, 1972, recited a return day of the third Tuesday of May, 1972. Process was served on the defendant on March 17, 1972, and returned to the court on March 20, 1972. The defendant's appearance was filed on May 11, 1972, together with a

motion to erase the complaint from the docket because it was returnable more than two months from the date of process.

Section 52-46 of the General Statutes requires that service of process returnable to the Court of Common Pleas shall be made at least twelve days, inclusive, before the return day. Section 52-48 provides that process in civil actions, if brought to the Court of Common Pleas, may be made returnable on any Tuesday in any month and all process shall be made returnable not later than two months after the date of such process.

The court concludes that the writ was duly served and returned to the court within the time set out in the statutes and therefore jurisdiction over the person of the defendant was secured by the court. The insertion in the writ of a return date more than two months after the date of the process might be abatable in a proper case. But here the defendant by its general appearance submitted to the jurisdiction of the court and thereby waived its right to object. See *Pierino* v. *Miner,* 20 Conn. Sup. 160, and *Algonquin Gas Transmission Co.* v. *Becker,* 25 Conn. Sup. 448.

Whereupon the court denies the motion to erase, grants the motion to amend and overrules the objection to the amendment.