A writ, summons and complaint dated March 6, 1972, recited a return day of the third Tuesday of May, 1972. Process was served on the defendant on March 17, 1972, and returned to the court on March 20, 1972. The defendant's appearance was filed on May 11, 1972, together with a *Page 520 
motion to erase the complaint from the docket because it was returnable more than two months from the date of process.
Section 52-46 of the General Statutes requires that service of process returnable to the Court of Common Pleas shall be made at least twelve days, inclusive, before the return day. Section 52-48 provides that process in civil actions, if brought to the Court of Common Pleas, may be made returnable on any Tuesday in any month and all process shall be made returnable not later than two months after the date of such process.
The court concludes that the writ was duly served and returned to the court within the time set out in the statutes and therefore jurisdiction over the person of the defendant was secured by the court. The insertion in the writ of a return date more than two months after the date of the process might be abatable in a proper case. But here the defendant by its general appearance submitted to the jurisdiction of the court and thereby waived its right to object. See Pierino v. Miner, 20 Conn. Sup. 160, and AlgonquinGas Transmission Co. v. Becker, 25 Conn. Sup. 448.
 Whereupon the court denies the motion to erase, grants the motion to amend and overrules the objection to the amendment.
 APPENDIX ORDER BY HON. AARON J. PALMER REGULATING COURTHOUSE PROCEDURE IN CRIMINAL PROCEEDINGS IN THE SUPERIOR COURT IN NEW HAVEN COUNTY*
The constitution of the United States and the state of Connecticut guarantee defendant in criminal cases due process of law and the right to a fair trial by an impartial jury. It is the duty of the trial court to see that every defendant receives all of his constitutional rights. The court is of opinion that the following rules are necessary to a constitutionally guaranteed, orderly and fair trial by an impartial jury:
 SECTION 1
The term courthouse as used herein shall mean the state courthouse, 121 Elm Street, New Haven, and any other building to which hearings may be recessed.
All entranceways, corridors and approaches to courtrooms offices and other rooms in the courthouse will be kept clear at times for free access thereto by those using them in the course of their employment or those having business to transact therein.
 SECTION 2
No cameras, photographic, television, radio or sound equipment, including tape records, will be permitted in the courthouse or upon the alleyways, parking lots, yards or grounds immediately surrounding said buildings. No sketches will be made in the courthouse.
 SECTION 3
All persons except counsel for the state and their associates, counsel for the defendants and their associates, and law enforcement personnel seeking admission to the courtroom shall submit voluntarily to a search of their persons for weapons before being admitted.
 SECTION 3
All person except counsel for the state and their associates, counsel for the defendants and their associates, and law enforcement personnel seeking admission to the court room shall submit voluntarily to a search of their persons for weapons before being admitted.
 SECTION 4
No one will enter the courtroom after a session has begun without permission of the court but must wait until the next recess. No one will leave the courtroom except at recess or adjournment except in an emergency. At noon *Page 522 
recess and adjournment and at any other time when any of the prisoners are being removed, the spectators shall remain seated in the courtroom until the prisoners have had ample time to withdraw and said spectators have been given permission to disperse.
 SECTION 5
No one except attorney of record, their agents, court personnel, witnesses and jurors may handle exhibits except] by order of the court.
 SECTION 6
All lawyers participating in these cases, their assistants, office associates, staff members, investigators and employees under their supervision and control are forbidden to take part in interviews for publicity and from making extra-judicial statements which are designed, or which may reasonably be excepted to result in, the disclosure of prejudicial matters about these cases from this date until such time as a final verdict is returned in these cases in open court.
 SECTION 7
The county medical examiner, jury commissioners, the clerk of the court, county sheriff, policy officials and other law enforcement officers, employees of this court, all other persons employed in the courthouse, their associates, deputies, assistants, staff members and personnel under their supervision and control are forbidden to participate in interviews for publicity and from making extra-judicial statements about these cases from this date and until such time as a verdict in these cases is returned inn open court.
 SECTION 8
All witnesses, persons subpoenaed to grand jury or court, jurors, and those persons summoned but excused from serving as jurors are forbidden to participate in interviews for publicity and from making extra-judicial statements about this case from this date and until such time as a verdict in these cases is returned in open court.
 SECTION 9
Nothing in this order shall prohibit any witness from discussing any matter in connection with the case with any of the attorneys representing the defendants or the state, or any representative of such attorneys.
 SECTION 10
There shall be no demonstrations, pickets, parades or the like in the courthouse or within five hundred feet in any direction of the courthouse from this date forward until such time as a verdict in these cases in returned in open court.