[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS TO DISMISS
The defendants in this action, which are two law firms, have each CT Page 2904 filed a motion to dismiss. The named defendant has its office in New York and claims that it was not properly served under the long arm statute, section 52-59b of the Conn. General Statutes. No evidence was presented at the hearing on the motion to support this claim, and the record contains insufficient information to decide it.
The defendant Wiggin Dana, a law firm with its office in New Haven, claims that the action should be dismissed for improper venue, since none of the parties are from the Danbury Judicial District. The plaintiff resides in the Stamford/Norwalk Judicial District and the co-defendant is a non-resident partnership with its office in New York. Section 51-351 of the General Statutes now provides that no action shall fail on the ground that it has been made returnable to the wrong location. See also Sprague v. Commission on Human Rights Opportunities, 3 Conn. App. 484, 486.
Both defendants move to dismiss based on section 52-48(b) of the General Statutes which provides that "all process shall be made returnable not later than two months after the date of the process." The process in this case was issued on June 21, 1991. The return date is August 27, 1991, more than two months later. Making the action returnable to court beyond the two month time limit in section 52-48(b) makes the appeal subject to dismissal for lack of jurisdiction. Haylett v. Commission on Human Rights Opportunities,207 Conn. 547, 548, 554; In re Nunez, 165 Conn. 435, 440, 441; see also Tucker v. Neighborhood Legal Services, Inc., 4 Conn. App. 209, 214. The plaintiff did not amend the return date before it arrived. An improper return date is amendable in some situations under section 52-72 of the General Statutes, Carlson v. Fisher, 18 Conn. App. 488, 496, but not to a return date which has already passed. Arpaia v. Corrone,18 Conn. App. 539, 541; Vierra v. Uniroyal Inc., 28 Conn. Sup. 489,492. See also Brandriff v. Sellas, 40 Conn. Sup. 243, 244.
Even if it could be amended and back dated one week to August 20, 1991, that would present another, insurmountable problem. The complaint was filed in court on that date. Section 52-46a of the General Statutes requires an action to be filed with the clerk six days before the return date. An action filed less than six days before the return day must be dismissed for lack of subject matter jurisdiction. Rogozinski v. American Food Equipment Corporation, 211 Conn. 431.
Both motions to dismiss are granted. CT Page 2905
ROBERT A. FULLER, JUDGE