[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
Plaintiff, Concept Associates, Ltd., filed this appeal from a tax assessment by the Guilford Board of Tax Review on March 31, 1992. The return date contained in plaintiff's citation is May 28, 1992, a Thursday. On June 26, 1992, the defendants filed motion to dismiss based on the dictate General Statutes 52-48
which requires process in civil actions be made returnable to an Tuesday in any month. The plaintiff has filed an objection to the motion to dismiss and a motion to amend the return date.
An improper return date is an incurable defect which implicates the court's jurisdiction and requires an amendment and new service of process in order to preserve the court's jurisdiction. Hartford National Bank Trust Company v. Tucker,178 Conn. 472, 478-79, 423 A.2d 141, cert. denied, 445 U.S. 904100 S.Ct. 1079, 63 L.Ed.2d 319 (1979).
Plaintiff concedes that the erroneous return date is a jurisdictional defect but argues that General Statutes 52-72
permits the court to entertain an amendment of the return date in lieu of granting the motion to dismiss. Section 52-72 states in pertinent part: "[a]ny court shall allow a proper amendment to civil process which has been made returnable to the wrong return day . . . upon payment of costs taxable on sustaining a plea in abatement."
An improper return date is amendable in some situation under section 52-72 of the General Statutes, see (Carlson v. CT Page 8446 Fisher, 18 Conn. App. 488, 496), but not to a return date which has already passed. Arpaia v. Corrone, 18 Conn. App. 539, 541; Vierra v. Uniroyal Inc., 28 Conn. Sup. 489, 492.
Plaintiff further argues that the return date may be amended pursuant to General Statutes 52-123. General Statutes 52-123
states in relevant part: "[n]o writ . . . shall be abated . . . for any kind of circumstantial errors, mistakes, or defects if the process and the cause may be rightly understood and intended by the court." Plaintiff cites FDIC, As Receiver of the New Connecticut Bank Trust Company, N.A. v. Jamlane, Superior Court, Judicial District of Hartford/New Britain at Hartford D.N. 505857 (May 19, 1992), in support of the proposition that plaintiff can amend a defective return date under General Statutes 52-123.
In construing General Statutes 52-123, the court in Jamlane stated that "despite its facially expansive language" the statute has been limited in application to "defects in the text of the writ itself but is not available to cure irregularities in the service or return of process." Jamlane, supra, citing Rogozinski v. American Food Service Equipment Corp., 211 Conn. 431,434-35, 559 A.2d 1110 (1989). An improper return date is a jurisdictional defect. Hartford National Bank Trust Co. v. Tucker, supra. When a defect is jurisdictional, it is not curable under General Statutes 52-123, which applies only to circumstantial defects.
The failure to designate a proper return date under General Statutes 52-48 is not a defect curable by amendment under either General Statutes 52-72 or 52-123 and renders the case subject to dismissal for lack of jurisdiction.
Accordingly, the defendant's motion to dismiss is granted.
Elaine Gordon, Judge