[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (NO. 101)
The plaintiff, Midlantic National Bank, commenced the instant action on December 14, 1992, by causing a true and attested copy of the writ, summons and complaint to be served on the defendants, Bridgeport Testing Labs, Inc., and Michael Morris. The action was filed in court on December 17, 1992. The return date specified in the plaintiff's summons is February 16, 1993.
On March 16, 1993, the defendant's filed a motion to dismiss on the ground that the summons fails to specify a return date within two (2) months of the date of service of process as required by General Statutes 52-48(b). On March 29, 1993, the plaintiff filed a memorandum of law in opposition to the defendants' motion to dismiss and a motion to amend the return date.
"A motion to dismiss tests, inter alia, whether on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624, 461 A.2d 991 (1983). A motion to dismiss is proper where there is insufficiency of process. Practice Book 142(4).
The defendants move to dismiss the instant action on the ground that process is insufficient. The defendants argue that the return date specified by the plaintiff is not in accordance with General Statutes 52-48(b).
Section 52-48(b) provides that "[a]ll process shall be made returnable not later than two months after the date of the process. . . ." General Statutes 52-48(b). The sheriff's return shows that process was issued on December 14, 1992. (See Sheriff's Return dated December 14, 1992). The plaintiff's summons contains a return date of February 16, 1993. Therefore, process was not made returnable within two months CT Page 6484 after the date process was issued and is improper.
"An improper return date is an incurable defect which implicates the court's jurisdiction and requires an amendment and new service of process in order to preserve the court's jurisdiction." Concept Associates v. Guilford Board of Tax Review, 7 CTLR 319, 319 (September 4, 1992, Gordon, J.), citing Hartford National Bank Trust Company v. Tucker, 178 Conn. 472,478-79, 423 A.2d 141, cert. denied, 445 U.S. 904 (1979). The plaintiff admits that the return date on the summons is two (2) days after the two (2) month period set forth in 52-48(b). The plaintiff, however, argues that the defect is inconsequential and, as such, dismissal is improper. In support of this argument the plaintiff relies on General Statutes 52-123.
Section 52-123 provides that "[n]o writ, pleading, judgment or any kind of proceeding in court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the court." (Emphasis added.) General Statutes 52-123. However, "`despite its facially expansive language' [52-123] has been limited in its application to `defects in the text of the writ itself but is not available to cure irregularities in the service or return of process.'" FDIC v. Jamlane, 6 CTLR 421, 422 (May 19, 1992, Hammer, J.), quoting Rogozinski v. American Food Service Equipment Corp., 211 Conn. 431, 434-35,559 A.2d 1110 (1989); see also Concept Associates, supra, 319. "[A]n improperly specified return date affects the court's jurisdiction;" Carlson v. Fisher, 18 Conn. App. 488, 495,558 A.2d 1029 (1989), citing Hartford National Bank Trust Co., supra 478-79 see also Brandriff v. Sellas, 40 Conn. Sup. 243,244, 488 A.2d 853 (1985); and, as such, "is not curable under General Statutes 52-123, which applies only to circumstantial defects." Concept Associates, supra, 319.
The plaintiff further argues that the court should not dismiss the instant action but rather should amend the summons, pursuant to General Statutes 52-72, to show the proper return date.
Section 52-72 provides, in pertinent part, that
[a]ny court shall allow a proper CT Page 6485 amendment to civil process which has been made returnable to the wrong return day or is for any other reason defective, upon payment of costs taxable upon sustaining a plea in abatement. . . . Such amended process shall be served in the same manner as other civil process and shall have the same effect, from the date of service, as if originally proper in form. . . .
General Statutes 52-72(a), (b). In both Kempf v. Lord, Day 
Lord, 7 CSCR 463 (March 31, 1992, Fuller, J.), and Concept Associates v. Guilford Board of Tax Review, supra, the courts held that "[a]n improper return date is amendable in some situations under 52-72 . . . but not to a return date which has already passed." (Citations omitted.) Concept Associates, supra, 319 Kempf, supra 463. In support of their position that an improper return date may not be amended "to a return date which has already passed," the courts rely on Arpaia v. Carlson, 18 Conn. App. 539, 541, 559 A.2d 719 (1989), and Vierra v. Unroyal, Inc., 28 Conn. Sup. 489, 492, 266 A.2d 900
(1970). However Arpaia and Vierra do not stand for the proposition that a plaintiff may not amend a return date to a date which has already passed.
In Arpaia v. Carlson, supra, the issue of whether an improper return date may be cured by amendment to a date which has already passed was not before the court. Rather, the court addressed the issue of whether a late return of process may be cured by an amendment of the return date. Id., 540-41. The court held that such a defect cannot be cured by amendment since "once the date for return has passed there is nothing before the court which can be amended." (Emphasis added.) Id., 540-41.
In Vierra v. Uniroyal, Inc., supra, the plaintiff issued process on November 25, 1969 and returned the action to court on January 23, 1970. Id., 490. The summons specified a return date of February 2, 1970. Id. The defendant filed a plea in abatement on the ground that the specified return date was more than two months after the date of process. The plaintiff conceded that the return date was improper but filed a motion to amend the return date to January 20, 1970. Id., 491. The court held that the return date could not be amended back in CT Page 6486 time, from February 2, 1970, to January 20, 1970. However, the court stated that the reason the return date could not be amended to January 20, 1970, was because the action was returned to court on January 23, 1970. The court reasoned that since the action was returned to court on January 23, 1970, to permit an amendment to January 20, 1970, would violate the dictates of General Statutes 52-46[1] and 52-47.[2]
However, the court did not hold that an improper return date may never be amended back in time.
Additionally, our Appellate Court has permitted a plaintiff to amend an improper return date to a date which has already passed. Carlson v. Fisher, 18 Conn. App. 488, 558 A.2d 1029
(1989). In Carlson v. Fisher, supra, the plaintiff listed a return date of March 3, 1987, on the summons. Id., 492. On March 9, 1987, the defendant moved to dismiss the action on the ground that, inter alia, the return date was improper. Id., 493. The plaintiff moved to amend the return date to March 3, 1987, which was granted by the trial court. Id., 495. In upholding the trial court's finding that the plaintiff could amend the improper return date of March 31, 1987, to a proper return date of March 3, 1987, the court stated that although "[i]t is true that an improperly specified return date affects the court's jurisdiction . . . [, w]e agree with the trial court . . . that 52-72 applies to the matter at hand." Id., 495-96. Therefore, a plaintiff may amend an improper return date to a date back in time so long as such an amendment does not violate General Statutes 52-46 and 52-47, or any other applicable statute.
In opposition to the motion to dismiss, the plaintiff requested that the court amend the return date from February 16, 1993, to February 14, 1993. However, February 14, 1993, is not a proper return date. Section 52-548 provides, in relevant part, that "[p]rocess in civil actions . . . brought to the superior court may be made returnable on any Tuesday in any month." (Emphasis added.) General Statutes 52-48(a). February 14, 1993, is a Sunday. Since February 14, 1993 is not a Tuesday and 52-72(a) only authorizes the court to "allow a proper amendment;" (Emphasis added), the plaintiff's request to amend the return date to February 14, 1993, is denied.
Because the request to amend the return date pursuant to52-72 is denied, the court may only look to the return date as specified in the summons. Accordingly, since the original CT Page 6487 return date of February 16, 1993, is not within the two (2) month period required under 52-72, the defendants' motion to dismiss is granted.
BALLEN, JUDGE