MICHAEL J. MADIGAN *v.* MICHELLE A. MADIGAN
(11051)

O'CONNELL, HEIMAN and SCHALLER, Js.

Argued November 5—decision released December 14, 1993

[6] See footnote 2.

*Louis Kiefer,* for the appellant (plaintiff).

*Emily J. Moskowitz,* for the appellee (defendant).

HEIMAN, J. This case is before us on remand from the Supreme Court. *Madigan* v. *Madigan,* 224 Conn. 749, 620 A.2d 1276 (1993). When the matter was originally before us, we dismissed the appeal, sua sponte, concluding that an order of temporary custody and certain other pendente lite orders, did not constitute a final appealable judgment. Upon the granting of certification, the Supreme Court reversed our decision, concluding that the granting of a motion for temporary custody of minor children in a dissolution proceeding is immediately appealable. Id., 757.

Certain facts are necessary to a resolution of this appeal. After a full evidentiary hearing, the trial court entered an order that the parties' two minor children[1] be placed in joint custody with the primary residence of the children with the defendant. The trial court then set visitation for the parties that coincided with a visitation schedule set by the Probate Court for the child that had been removed from the parental home.[2]

---

[1] The parties' third minor child was not involved in the custody order sought in the Superior Court. He had been removed from both biological parents by order of the Probate Court for the district of Manchester, and his custody was not at issue here.

[2] See footnote 1.

The plaintiff asserts, in the only issue on appeal still before this court after remand, that the trial court improperly ordered that the primary residence of the minor children be with the defendant.

At oral argument, the defendant informed this court, for the first time, that the order fixing the primary place of residence of the minor children with the defendant, from which this appeal had been taken, was modified upon a motion for modification sought by the plaintiff, still, however, pendente lite. The plaintiff conceded that the order under appeal had been modified and that the primary place of residence has now been fixed as being with the plaintiff. The parties further conceded that no practical relief could be afforded to the plaintiff because the modified order was the relief that he sought in this appeal. We conclude that the appeal has thus been rendered moot.

"Mootness applies to situations where events have occurred during the pendency of an appeal that make an appellate court incapable of granting practical relief through a disposition on the merits. . . . The standards governing mootness are well established. Because this court has no jurisdiction to give advisory opinions, no appeal can be decided on its merits in the absence of an actual controversy for which judicial relief can be granted." (Citation omitted; internal quotation marks omitted.) *Papagorgiou* v. *Anastopoulous,* 29 Conn. App. 142, 146, 613 A.2d 853, cert. denied, 224 Conn. 919, 920, 618 A.2d 527 (1992). Accordingly, because the order from which this appeal was taken is no longer the order of the court, but has been replaced by a different order from which no appeal has been taken, there is no actual controversy in this case and the appeal is thus rendered moot.

Obviously, appeals may be rendered moot by other than the granting of motions for modification. See

*Sobocinski* v. *Freedom of Information Commission,* 213 Conn. 126, 133, 566 A.2d 703 (1989) (withdrawal of underlying civil action); *Shays* v. *Local Grievance Committee,* 197 Conn. 566, 570–71, 499 A.2d 1158 (1985) (plaintiff had served entire sentence legality of which he disputes); *Waterbury Hospital* v. *Connecticut Health Care Associates,* 186 Conn. 247, 249, 440 A.2d 310 (1982) (strike and picketing ended during pending appeal); *Connecticut Foundry Co.* v. *International Ladies Garment Workers Union,* 177 Conn. 17, 19, 411 A.2d 1 (1979) (order of temporary injunction expired and not renewed). Since an appeal from the granting of a motion of temporary custody is sui generis, where subsequent orders of the trial court impact on the existence of an actual case and controversy, it is the obligation of the parties to call that fact to the attention of the appellate court by an appropriate motion so that the issue of whether an actual case and controversy still exists may be determined in a timely fashion.

The appeal is dismissed.

In this opinion the other judges concurred.