[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiff instituted the present action seeking to recover damages from the defendants resulting from their failure to institute a lawsuit on his behalf prior to the expiration of the statute of limitations. The writ, summons and complaint are all dated April 14, 1994 and were served upon one defendant on April 18, 1994, and upon another defendant on April 21, 1994. The action was returnable on June 20. The defendants have filed a Motion to Dismiss the action asserting various grounds therefor, including a failure to comply with General Statutes § 52-48(b), which provides, in part, as follows: "All process shall be made returnable not later than two months after the date of the process. . . ."
It is true that the cases cited by the plaintiff establish that a cause of action is brought or commenced on the date the process is served. However, the statute requires a time limit within which an action must be returned to court which runs from "the date of the process" and the legislature is aware of the CT Page 8831 difference between that phrase and the phrase "served". See, e.g., General Statutes § 52-46.
The court therefore concludes that the date of process is the date listed on the process, i.e., April 14, 1994, and that the return date of June 20, 1994 is more than two months after the date of the process. Even if the date of the writ is not controlling and the date of issuance of the process to the sheriff is the operative date (see Stephenson, Second Edition, 1970, § 21b), the process would have been issued to the sheriff prior to the date of service, i.e., April 18, 1994, and the return date would be more than two months from that date.
General Statutes § 52-123 provides that a writ shall not be abated for circumstantial errors. However, the statute is used for defects in the text of the writ but is not available to cure irregularities in the return of process. Rogozinski v. AmericanFood Service Equipment Corporation, 211 Conn. 431, 434 (1989). General Statutes § 52-72 provides for amendments to civil process which have been made returnable to the wrong return day or is defective for other reasons. However, the return day of June 20, 1994 has passed. Therefore, any attempt on the part of the plaintiff to amend the return day would be unavailing. Danziger v.Shaknaitis, 33 Conn. App. 6 (1993); Concept Associates, Ltd. v.Board of Tax Review, 31 Conn. App. 793 (1993).
An incorrect return date should not be viewed lightly and is not a minor defect but affects the jurisdiction of the court to hear the cause of action. Danziger v. Shaknaitis, supra at 10.
Accordingly, the Motion to Dismiss is hereby granted.Patterson v. Long Rivers Counsel, Inc., (Hartford-New Britain) (January 11, 1994) (Allen, J.); Kempf v. Lord Day and Lord Seven, CSCR 463 (March 31, 1992) (Fuller, J.); see also Midlantic Nationalv. Bridgeport Testing Labs, 8 CSCR 881 (July 1, 1993) (Ballen, J.).
Rush, J.