BAKERVILLE LUMBER AND CONSTRUCTION COMPANY,
INC. *v.* PLANNING AND ZONING COMMISSION OF
THE TOWN OF NEW HARTFORD
(13418)

DUPONT, C. J., and HEIMAN and HENNESSY, Js.

Argued March 15—decision released June 13, 1995

*Mark W. Petty,* for the appellant (plaintiff).

*Thomas P. Byrne,* with whom, on the brief, were *Steven E. Byrne* and *John W. Pickard,* for the appellee (defendant).

HEIMAN, J. The plaintiff appeals from the decision of the trial court affirming the defendant's denial of the plaintiff's application to extend an existing renewable special permit for earth excavation. At the time of the oral argument of this appeal, the defendant claimed that the plaintiff's appeal was moot because all of the special permits issued by the defendant to the plaintiff had expired. The plaintiff concedes that the permits have expired.

"It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow." (Internal quotation marks omitted.) *Grace Community Church* v. *Bethel*, 30 Conn. App. 765, 769, 622 A.2d 591, cert. denied, 226 Conn. 903, 625 A.2d 1375, cert. denied, 510 U.S. 944, 114 S. Ct. 383, 126 L. Ed. 2d 332 (1993).

"Mootness applies to situations where events have occurred during the pendency of an appeal that make an appellate court incapable of granting practical relief through a disposition on the merits. . . . Because this court has no jurisdiction to give advisory opinions, no appeal can be decided on its merits in the absence of an actual controversy for which judicial relief can be granted." (Citation omitted; internal quotation marks omitted.) *Papagorgiou* v. *Anastopoulous*, 29 Conn. App. 142, 146, 613 A.2d 853, cert. denied, 224 Conn. 919, 920, 618 A.2d 527 (1992).

This is not a case "where the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, [that] may be capable of repetition, yet evading review. . . . In deciding whether to invoke this mitigating principle, we have considered not only the practical difficulties of timely judicial review but also (1) the public importance of the question presented; (2) the potential effect of the ruling on an ongoing program of the state's penal or civil system; and (3) the possibility of a similar effect on the plaintiff himself in the future. . . ." (Citations omitted; internal quotation marks omitted.) *Perry* v. *Perry*, 222 Conn. 799, 803, 611 A.2d 400 (1992).

Here, because all of the special permits at issue expired during the pendency of the appeal, the plain-

tiff must apply for the renewal of all of the permits. This court is without power to afford to the plaintiff practical relief. Thus, the matter has been rendered moot. See *Madigan* v. *Madigan*, 33 Conn. App. 229, 231, 635 A.2d 303 (1993).

The appeal is dismissed.

In this opinion the other judges concurred.