## IN RE CATRINA L.*
### (AC 16553)

O'Connell, C. J., and Spear and Hennessy, Js.

Argued September 15—officially released October 21, 1997

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 4166B.2, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

Reporter of Judicial Decisions

*Benjamin Zivyon*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *Susan T. Pearlman*, assistant attorney general, for the appellant (petitioner).

*Carol A. Veroczi*, for the appellee (respondent mother).

*Brian D. Russell*, for the minor child.

*Opinion*

PER CURIAM. The petitioner, the commissioner of children and families, appeals from the trial court's judgment vacating an order of temporary custody and denying the petitioner's motion to modify the disposition of protective supervision to an order of commitment. Due to procedural developments subsequent to the filing of this appeal, we conclude that there is no relief this court can afford to the petitioner and, therefore, the appeal is moot.

On February 23, 1996, pursuant to General Statutes § 46b-120, the trial court, *Keller, J.*, adjudged Catrina L. to be an uncared for special needs child. On March 20, 1996, the court ordered that the child be placed with her mother, subject to an order of protective supervision for nine months.

On September 3, 1996, the trial court, *Teller, J.*, granted the petitioner's motion for an ex parte order of temporary custody. On September 4, 1996, pursuant to Practice Book § 1041.1 (1), the petitioner filed a

motion to modify the order of protective supervision to an order of commitment. The trial court consolidated the hearings on the validity of the order of temporary custody and the motion to modify the order of protective supervision. On September 26, 1996, the trial court, *Santos*, *J.*, vacated the order of temporary custody, denied the motion to modify and ordered that the child be returned to the mother, with protective supervision to remain in place until December 5, 1996. On appeal, the petitioner claims that the trial court prevented it from presenting its case fully and seeks a reversal of the trial court's decision vacating the order of temporary custody and denying the motion to modify the disposition, and, implicitly, a remand for a hearing on the merits.

Subsequent to the filing of this appeal, the trial court, *Maloney*, *J.*, granted a motion for an ex parte order of temporary custody on November 15, 1996, giving the child's care and custody to the petitioner. Pursuant to Practice Book § 1041.1 (1), the petitioner filed a second motion to modify the order of protective supervision to an order of commitment. On November 20, 1996, the trial court, *Teller*, *J.*, affirmed the order of temporary custody and ordered that protective supervision remain in place until further order of the court. Presently, the motion to modify the continuing order of protective supervision to an order of commitment and the issue of the validity of the order of temporary custody are before the trial court. In light of those procedural developments, the petitioner, on September 11, 1997, limited its request for relief on appeal to reversal of the trial court's decision with no further order.[1] The dispositive

---

[1] At oral argument, the petitioner explained that its reason for requesting reversal of the court's denial of the motion to modify with no further order was to prevent the respondent from asserting the defense of collateral estoppel or res judicata, thereby preventing the petitioner from presenting evidence of the respondent's actions during the period covered by the motion to modify. We can find no law which would support this reasoning.

issue in this appeal is whether the subsequent granting of the order of temporary custody and the filing of the petitioner's motion to modify the November 15, 1996 disposition render this appeal moot.

" 'Mootness applies to situations where events have occurred during the pendency of an appeal that make an appellate court incapable of granting practical relief through a disposition on the merits.' . . ." *Cole* v. *Planning & Zoning Commission*, 40 Conn. App. 501, 505, 671 A.2d 844 (1996), quoting *Bakerville Lumber & Construction Co.* v. *Planning & Zoning Commission*, 38 Conn. App. 212, 213, 659 A.2d 758 (1995).

There is no practical relief that can be granted in the present appeal because the petitioner has received the redress sought. The petitioner sought reversal of the trial court's decision vacating the order of temporary custody and denying the motion to modify the disposition. Since the filing of this appeal, however, the petitioner has been granted an order of temporary custody, and a hearing on the merits of the motion to modify the disposition is scheduled. Moreover, the petitioner implicitly recognizes the lack of practical relief available by limiting its request for relief to reversal with no further order. "[I]t is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow." (Internal quotation marks omitted.) *Perry* v. *Perry*, 222 Conn. 799, 803, 611 A.2d 400 (1992); *Moshier* v. *Goodnow*, 217 Conn. 303, 307, 586 A.2d 557 (1991); *Shays* v. *Local Grievance Committee*, 197 Conn. 566, 571, 499 A.2d 1158 (1985).

The appeal is dismissed as moot.