ALGONQUIN GAS TRANSMISSION COMPANY *v.* FLORENCE A. BECKER ET AL.

SUPERIOR COURT        FAIRFIELD COUNTY        FILE NO. 86575
AT BRIDGEPORT

Memorandum filed June 5, 1952 [1]

*Day, Berry & Howard,* of Hartford, for the plaintiff.

*Herbert L. Emanuelson* and *Lyman H. Steele,* of New Haven, specially for all defendants.

KING, J. This was an application for an order granting to the petitioner, a natural gas pipeline company, a right of immediate entry upon the lands of the respondents located in Newtown.

A condemnation proceeding was brought by the petitioner under the provisions of the Natural Gas

---

[1] Publication of this decision was determined upon after its use as precedent in subsequent cases.

Pipe Lines Act, chapter 264a of the 1951 Cumulative Supplement,[2] by writ and complaint dated March 31, 1952 and returnable to the Superior Court in Fairfield County on the first Tuesday of May, 1952. The original process was actually returned to court and filed in the clerk's office on April 7, 1952. Subsequently, on April 8, 1952, the petitioner applied to the court for an order granting a right of immediate entry upon the respondent's lands under the provisions of § 1076b of the 1951 Cumulative Supplement,[3] and an order of notice was issued and service made. The defendants appeared specially, and the parties cooperated with the court in joining issues by pleadings subsequent to the petition consisting of an answer, a reply, and a rejoinder. For convenience, the first and second special defenses of the answer will be taken up first, and in inverse order.

### SECOND SPECIAL DEFENSE

The special appearance was incident to a claim of lack of jurisdiction interposed in the second special defense of the answer on the ground, in effect, that under § 1076b only a judge of the Superior Court (as distinguished from the Superior Court) could entertain this proceeding before the return day. This would very likely be a sound position had the order been entered prior to the return of the process to the court. But here the court did not assume to act until after the process had been so returned. Service had been made, as shown by the officer's return, and all defendants had actual notice, as shown by the special appearance. The case was in the court, where a more orderly trial could be had than in chambers. The defendants are benefited rather than harmed by the procedure followed. An

[2] Now General Statutes, c. 284.
[3] Now General Statutes § 16-267.

appearance or any proper pleading may be filed at any time after, although never before, a process is returned to court. The fact, even if correct, that a chambers hearing might also properly have been ordered does not militate against the use of the inherently preferable procedure followed here. A case is pending in court from the time it is returned to the court. It then passes beyond the physical control of the litigants and into that of the court. This all takes place even though the return day has not arrived. Section 1076b expressly authorizes the court to entertain a motion for immediate entry in any condemnation proceeding "pending" before it. This proceeding was so pending.

The second special defense raising the lack of jurisdiction is not well taken and is overruled.

[Remainder of opinion omitted.]