Russell C. Arpaia et al. *v.* A. Lawrence
Corrone et al.
(6273)

Dupont, C. J., Stoughton and Jacobson, Js.

Argued February 8—decision released June 6, 1989

*Max F. Brunswick,* for the appellants (defendants).
*James M. O'Connor,* for the appellees (plaintiffs).

Jacobson, J. This is a summary process action in which the defendants appeal from the judgment, rendered after a trial to the court, awarding possession to the plaintiff landlords. They claim that the trial court erred (1) in denying their motion to dismiss and (2) in concluding that the parties had orally agreed to a month-to-month lease and that the lease had terminated by lapse of time. We find error.

The plaintiffs' complaint alleged that the parties had orally agreed to a month-to-month lease and that the lease term had expired. The summons and complaint set the return date as January 29, 1987, and were returned to court on January 27, 1987.

Before the trial began, the defendants moved to dismiss the action pursuant to Practice Book § 142,[1] arguing that the return of process was not made in conformance with the requirements of General Statutes § 47a-23a.[2] The trial court denied the defendants' motion without explanation.

Following a brief trial, the court found that the parties had agreed to a month-to-month lease and that the lease had expired. The court awarded possession of the premises to the plaintiffs. This appeal followed.

We hold that the trial court erred in denying the motion to dismiss because the late return of process rendered the action subject to dismissal upon timely motion by the defendants. The summons and complaint were returned to court two days prior to the return day; they should have been returned "at least three days before the return day."

In *Bergin* v. *Bergin,* 3 Conn. App. 566, 490 A.2d 543, cert. denied, 196 Conn. 806, 404 A.2d 903 (1985), this court held that a late return of process, in an appeal from a Probate Court, rendered the appeal subject to dismissal. " 'Where return of service is not timely . . . the courts have uniformly held that the defect cannot be cured by amendment. *Safford* v. *Morris Metal*

---

[1] Practice Book § 142 provides: "MOTION TO DISMISS. Any defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance. Except in summary process matters, the motion shall be placed on the short calendar to be held not less than fifteen days following the filing of the motion, unless the court otherwise directs."

[2] General Statutes § 47a-23a specifies the procedure for filing a complaint in summary process actions, following service on the occupants of a notice to quit possession of the premises. It states that "[s]uch complaint may be made returnable six days, inclusive, after service upon the defendant and shall be returned to court at least three days before the return day." General Statutes § 47a-23a (a).

*Products Co.,* 99 Conn. 372, 121 A. 885 (1923); *Denison* v. *Crafts,* 74 Conn. 38, 49 A. 351 (1901); *LaMothe* v. *Gordon,* 15 Conn. Sup. 504 (1948). The rationale of this proposition appears to be that once the date for return has passed there is nothing before the court which can be amended.' *William J. Petzold, Inc.* v. *Commissioner of Revenue Services,* 39 Conn. Sup. 247, 249, 476 A.2d 1094 (1984)." Id., 569; see also 1 E. Stephenson, Connecticut Civil Procedure (2d Ed.) § 35, p. 139 and n.622. The late return of process renders the action voidable and, if the defendants choose not to waive the jurisdictional defect of a late return, the trial court must dismiss the action. Id.

"[I]t is the actual return of the writ to the court which really puts the action before the court and empowers the court to proceed, even prior to return day." 1 E. Stephenson, supra, § 21, p. 67. Thus, although a defendant in a civil action may consent to the jurisdiction of the court, the court may not proceed with the action until the return of process is made to the court. See, e.g., *Algonquin Gas Transmission Co.* v. *Becker,* 25 Conn. Sup. 448, 206 A.2d 846 (1952); annot., 82 A.L.R.2d 664.

The failure to meet the statutory requirement for the return of process rendered the case subject to dismissal. The defendants timely filed a motion to dismiss and the trial court erred in not dismissing the action. Because we hold that the trial court erred in denying the defendants' motion to dismiss, it is unnecessary to examine the defendants' remaining claim of error.

There is error, the judgment is set aside and the case is remanded with direction to render judgment dismissing the action.

In this opinion the other judges concurred.