[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT TORSTENSON'S MOTION TO DISMISS
The defendant, Guy E. Torstenson, has moved to dismiss the action against him on the claim that the return of process did not conform with the requirements of General Statutes 52-46a, which requires that process in civil actions returnable to the Superior Court be returned to the clerk of that court at least six days before the return day.
Plaintiffs' complaint was served on Torstenson on November 6, 1989. Process bore a return date of December 5, 1989. The writ was not docketed as filed with the Superior Court until April 26, 1990.
Plaintiffs have filed an affidavit in opposition to the motion. The affidavit, by counsel for the plaintiffs, indicates that he prepared the original writ, summons and complaint; that on November 3, 1989, he gave the process to the deputy sheriff whose return indicates in personam service upon Torstenson on November 6, 1989; and, that on November 9, 1989, he directed the law firm's bookkeeper to issue a check payable to the clerk of the Superior Court in the amount of $125.00 for the filing fee. A photocopy of the carbon copy of the check was attached to the affidavit.
Counsel for the plaintiff further stated in the affidavit that thereafter, and more than six days before the return day, a courier from his office was directed to file the writ, summons and complaint and the filing fee with the clerk of the Superior Court. Counsel stated he understood the process was delivered to the Court at that time.
Counsel also appended to the affidavit a copy of an appearance form dated December 4, 1989 by the moving defendant's attorney appearing on behalf of the defendant in this action with a return day of December 5, 1989.
Counsel's affidavit continues:
"I have now discovered that, for reasons unknown to me, the original Writ, Summons and Complaint are not on file with the court and that the filing fee check has not cleared. Because the secretary and the courier from my office involved in transmitting the Writ, Summons and Complaint to the Court are no longer in my employ, I am unable to ascertain whether the Writ, CT Page 2403 Summons and Complaint were lost in transit or incorrectly processed upon receipt at the Court. It is my believe that the original of the Writ, Summons and Complaint in the above-captioned action have been inadvertently mislaid, lost, or destroyed.
"On April 16, 1990 I submitted an affidavit to the Court (with copies to counsel for the defendants) setting forth the above facts, along with a true copy of the Writ, Summons and Complaint. . . . The matter was docketed by the clerk with notice sent on or about April 30, 1990. The docket number assigned was no. CV-89-0270618S."
The moving defendant does not claim and has not established that he was in any way prejudiced by the delay in docketing the matter. Counsel for the defendant did acknowledge that an appearance on behalf of the defendant was filed in December 1989, but was returned by the clerk's office because there was no such case returned to the Court.
Counsel for the plaintiff also affirms in his affidavit that on or about May 31, 1990, plaintiffs filed a motion for default for failure to plead against the defendant. At the request of defendant's counsel, the motion was not pressed when it first appeared on the short calendar. There was no contrary indication from the defendant.
Defendant's motion to dismiss is dated August 13, 1990 and recorded as filed August 14.
 I.
Plaintiffs assert that the motion should be denied in the first instance because the motion to dismiss was not filed within 30 days of the filing of an appearance on behalf of the defendant as required by Practice Book Section 142. Under Practice Book Section 144, any claim of lack of jurisdiction over the person is deemed waived if not raised within the time provided by Section 142. It is the plaintiffs' contention that defendant Torstenson entered an appearance on or about December 4, 1989 but filed no motion to dismiss until mid-August 1990, more than seven months beyond the 30 day limit. Moreover, even after receiving a copy of plaintiffs' counsel's affidavit in April 1990 and after a docket number was assigned, the defendant still waited ninety days to move to dismiss the complaint.
This court has examined the file and finds that the only appearance for the defendant Torstenson is dated July 31, 1990 and stamped by the Clerk's office as filed on August 1, 1990. This is consistent with the claim of the defendant that his CT Page 2404 earlier appearance form was returned by the Clerk. "An appearance or any proper pleading may be filed at any time after, although never before, a process is returned to court." Algonquin Gas Transmission Co. v. Becker, 25 Conn. Sup. 448,449-50, 206 A.2d 846 (1952), published in the Supplement volume for 1963-1964 and cited as authority in Arpaia v. Corrone,18 Conn. App. 439, 541, 559 A.2d 719 (1989).
The defendant has therefore moved to dismiss "within thirty days of the filing of an appearance" as required by P.B. Section 142 and has not waived the right to so move under P.B. Section 144. II.
The court believes it has no discretion in this matter. The court accepts the affidavit of plaintiff's counsel as true. The failure to docket the case before the return day may possibly have been due to some misplacement by the clerk's office as well as to a failure to physically return the process. The court finds that the defendant was not prejudiced by the delay in docketing the case. If the failure to return the process in timely fashion were a circumstantial defect recognized by General Statutes 52-123, then the motion would surely be denied.
However, it has been held that to satisfy the issue of timely return of process, a party must establish that it was delivered in such a manner as to ensure that it was physically in the clerk's office within the prescribed time period. Rogozinski v. American Food Service Equipment Corporation,211 Conn. 431, 435, 559 A.2d 1110 (1989). This the plaintiffs have not done.
The Court is constrained to follow the dictates of such cases as Bergin v. Bergin, 3 Conn. App. 556, 490 A.2d 543, cert. denied 196 Conn. 806, 404 A.2d 903 (1985) Arpaia v. Corrone, supra, that late return of process is a substantive defect rendering the action voidable, and, if the defendant chooses not to waive the jurisdictional defect of a late return, the trial court must dismiss the action. Arpaia, supra, at 541. The motion to dismiss is granted.
NIGRO, J.