[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant Inland Wetlands and Watercourses Agency of the Town of Greenwich has moved to dismiss the plaintiff's appeal for late service of process, late filing of process and defective recognizance with surety. The return date for this case is September 25, 1990, the sheriff's return shows service on the Inland Wetlands and Watercourses Agency defendant on September 19, 1990 and the citation commanding service itself is dated September 18, 1990. Process was filed on September 21, 1990. Quite obviously, Connecticut General Statutes 52-46
(which requires that process be returned to the court at least six days before the return day), and 52-46a (which requires that service of process take place at least twelve days before the return day), were not complied with.
The defendant has argued that such lack of compliance results in a lack of jurisdiction by this court to hear the appeal. Under both Rogozinski v. American Food Service Equipment Corp., 211 Conn. 431 (1989) and Arpaia v. Corrone,18 Conn. App. 539 (1989), respectfully, both defects demand that a motion to dismiss be granted where these statutes are applicable. See also Bergin v. Bergin, 3 Conn. App. 566, 569
(1985). Therefore, the focal question asks whether under the CT Page 62 Uniform Administrative Procedure Act, these rules of civil pleadings and process apply.
The plaintiff argues against the defendant's motion to dismiss, and contends that compliance with 4-183 as it is set forth is sufficient. The UAPA dictates that:[1]
 Within 45 days after personal delivery of the final decision. . . a person appealing. . . shall serve a copy of the appeal. . . and file the appeal with the clerk of the superior court. . . . (Emphasis added).
There is no question but that the plaintiff served and filed the appeal within 45 days of receipt of notice of the final decision. It is also true that service within the 45 days of delivery of the final decision (Connecticut General Statutes4-183), a return date of no more than 60 days (52-48(b)), service at least 12 days before the return date 52-46) and filing at least six days before return date (52-46a) could all have been complied with. Therefore, this case does not present an "impossible situation."
The court is well aware of the body of authority that contends that an appeal from an administrative board is subject to its own strict statutory authority without which it cannot be undertaken. Chestnut Realty v. CHRO, 201 Conn. 350, 356 (1986). Certainly, unless the appeal complies with the conditions designated by 4-183 as essential to the exercise of its power, the Superior Court would be without jurisdiction to entertain the appeal. However, 4-183 is not entirely self contained in its mandates. The fact that there is no reference to a return date in 4-183 should not be viewed "as any indication that there should be no restriction upon the plaintiff's choice of date for the defendant to appear in response to an administrative appeal." Haylett v. Commission on Human Rights and Opportunities, 207 Conn. 547, 554 (1988). In fact, in that case, the Supreme Court had no problem in filling the gap left by 4-183[2] with, "the only effective limitation (of) the broadly applicable provision of General Statutes 52-48(b)." Id. This court must follow suit and apply 52-46 and 52-46a in the absence of contra authority.
As a result, Rogazinski v. American Food Service Equipment, supra, and Arpaia v. Corrone, supra, require that the appeal be dismissed.
KATZ, J.