[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The defendant has moved to dismiss this action, claiming that the court has no jurisdiction because the writ, summons and complaint were for a civil action returnable to the Judicial District of Fairfield at Bridgeport, but were returned to and filed in the Superior Court for the Judicial District of Ansonia/Milford at Milford.
Neither side offered evidence on the motion to dismiss, and the essential facts are undisputed. The plaintiffs reside in Shelton which is in the Ansonia/Milford Judicial District, and the defendant resides in Bridgeport, which is in the Fairfield Judicial District. The action could have been returnable to either judicial district as provided by section 51-345 (a) C.G.S., but the plaintiffs opted to return the action to the Fairfield Judicial District at Bridgeport, as stated in the summons and complaint. The case was returnable at Bridgeport on October 16, 1990, but was filed with the clerk's office at Milford on October 5, 1990 and was never filed in Bridgeport. Section 51-347 provides that "any writ returnable to a judicial district and any motion, pleading or appearance shall be filed with the clerk of the judicial district to which the writ is returnable as follows: (1) at the courthouse for the Judicial District of Ansonia Milford if returnable to the Judicial District of Ansonia Milford at Ansonia or Milford; . . . (3) at Bridgeport if returnable to the Judicial District of Fairfield. . . ." The action was filed in the wrong judicial district. The defendant also relies upon section 52-45a of the General Statutes which provides in part as follows:
 "Civil actions shall be commenced by legal process consisting of the writ of summons or attachment, describing the parties, the court to which it is returnable, the return day and the date and place for the filing of an appearance. The writ shall be accompanied by the plaintiff's complaint. . . ."
It is apparent from the statute that the legal process must state the court to which the action is returnable. Implicit in section 52-45a is that the legal process cannot direct the action to be returnable to one judicial district but filed in another district. The plaintiffs had a choice between two judicial districts, but after electing the Fairfield Judicial District at Bridgeport, they could not return the action to another district, and the action was not properly commenced in accordance with the statutory requirements. In a related context it was held in Rogozinski CT Page 3558 v. American Food Service Equipment Corporation, 211 Conn. 431,433, that failure to return process in civil actions to court at least six days before the return day makes the proceeding voidable. The process must be physically at the clerk's office at least six days before the return day. Id., 435. The actual returning of the writ to court is what brings the action before the court and empowers the court to proceed, and although a defendant in a civil action may consent to the jurisdiction of the court, the court may not proceed with the action until a return of process is made to the court. Arpaia v. Corrone, 18 Conn. App. 539, 541, also holding that a late return of process required the granting of a timely motion to dismiss the action.
While section 51-351 of the General Statutes provides that "[n]o cause shall fail on the ground that it has been made returnable to an improper location," the plaintiffs' problem here is not improper venue when selecting a judicial district in which to bring the action, but rather the failure to file the action in the location described in the documents commencing the civil action. The action was never properly commenced because it was not filed in the Superior Court at Bridgeport. The defendant has raised the jurisdictional defect within 30 days of filing an appearance as allowed by section 142 Connecticut Practice Book, requiring the Court to dismiss the case. Arpaia v. Corrone, supra.
The motion to dismiss is granted.
ROBERT A. FULLER, JUDGE