[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The defendants have moved to dismiss the complaint because of late return of process.
This is a negligence action against non-resident CT Page 2610 defendants. The summons is dated November 18, 1990. The return date block on the summons form has typed in December 11, 1990. This typed return day was lined through in ink and a return date of March 11, 1991 was printed in ink in the return date block.
The Hartford sheriff's return shows that he received the process on November 21, 1990; that he served the Commissioner of Motor Vehicles on November 26, 1990; and, that he mailed I certified copies of the process to the non-resident defendants on November 27, 1990. Appended to the return is a supplement showing the sheriff received back, on December 6, 1990 return receipts from each defendant showing service of the process upon them on December 1, 1990.
(Defendants' motion indicates that service was made on November 18, 1990 and November 26, 1990).
The process is stamped as received by the clerk's office on February 25, 1991.
General Statutes Section 52-45a requires that the summons indicate a return day.
General Statutes Section 52-46a requires that process in civil actions be returned to the clerk of the court at least six days before the return day. If the original return day, December 11, 1990 is considered, the process was returned to the clerk's office more than two months late and the process does not comply with Section 52-46a.
If however, March 11, 1991 is considered the return day, then the writ complies with General Statutes Section 52-46a.
But if March 11, 1991 is considered the return day, the process does not comply with General Statutes Section 52-48 (b), which requires that "[a]ll process shall be made returnable not later than two months after the date of the process. . .". The date of the process is November 18, 1990 and the process was made returnable to court on March 11, 1991, well in excess of the two months limitation.
A failure to comply with these statutes concerning return of process is not a "circumstantial defect", but rather renders the process voidable and subject to dismissal Rogozonski v. American Food Service Equipment Corporation, 211 Conn. 431,559 A.2d 1110 (1989); Arpaia v. Corrone, 18 Conn. App. 539, 540-41,559 A.2d 719 (1989).
Because these defects are voidable, the defendants may waive the jurisdictional defect of late return. Arpaia, supra, CT Page 2611 at 541. Plaintiffs claim such a waiver and have filed an affidavit in support of that claim.
The gist of the affidavit is that defendants' attorney phoned plaintiffs' attorney in December, 1990 to indicate she wished to file an appearance but could not because process had not been returned. That attorney in defense counsel's firm was informed that the sheriff had not yet returned the process and complaint for filing. Defense counsel asked that she be notified when the complaint was returned to the court so she could file an appearance. The secretary for plaintiffs' counsel informed defense counsel that she would extend the return date to accommodate all parties. The affidavit of the secretary, Cheryl Foster-Williams then, in part, states:
 I did contact Attorney Welch [an attorney in the firm of Friedman, Mellitz and Newman] in writing on or about February 25, 1991 to advise that the summons and complaint had been returned to Attorney Williams' office and that I would change the return date to March 19, 1991 as I had indicated in our previous conversation. That I recall speaking directly with Attorney Welch on the telephone at about this time to advise of this intended action. She did not voice an objection.
Present defense counsel, also with the firm of Friedman, Mellitz and Newman, filed an appearance and together with this motion in November, 1991.
The affidavit does indicate that the defense firm knew the writ had not been returned in timely fashion and that it would be filed later with an altered return date. However, the affidavit does not indicate an explicit agreement to waive a late return.
The waiver of a jurisdictional defect is effected by a party not filing a motion to dismiss, but rather filing a responsive pleading. Filing a motion to dismiss precludes waiver, even if the parties were to agree that the defendants were in no way prejudiced by the later return. Bergin v. Bergin,3 Conn. App. 566, 490 A.2d 543 (1985).
Since the defendants in this case have timely filed a motion to dismiss (See P.B. Section 142), the defects noted have not been waived.
The motion to dismiss is granted.
NIGRO, JUDGE CT Page 2612