[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
On September 6, 1994, the plaintiffs, Steven Grunow, David Jones, Fred Murphy, Hilary Bernard, William McCarthy, Larry Backman, John Yorfino, Michael Grunow, and Benjamin Grunow, filed a two count complaint seeking wages and attorneys fees from the defendants, Frederick Raskopf and Steven Heller. The return date CT Page 12945 of the summons is August 30, 1994. Steven Heller was personally served with process, in New Jersey, on August 18, 1994. The action was withdrawn as to Frederick Raskopf on September 13, 1994.
On September 28, 1994, Heller filed a motion to dismiss along with a supporting memorandum of law. The plaintiffs did not file any memorandum in opposition, which is required by Practice Book § 143.
"A motion to dismiss . . .`properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court.'" (Emphasis in original;.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622,624, 461 A.2d 991 (1983). "`Facts showing the service of process in time, form and manner sufficient to satisfy the requirements of mandatory statutes in that regard are essential to jurisdiction over the person.'" Castro v. Viera, 207 Conn. 420,433-34, 541 A.2d 1216 (1988). "The late return of process renders the action voidable and, if the defendants choose not to waive the jurisdictional defect of a late return, the trial court must dismiss the action." Arpaia v. Corrone, 18 Conn. App. 539, 541,559 A.2d 719 (1989).
The defendant argues that the complaint should be dismissed for untimely return and service of process, and insufficiency of service of process. The summons, complaint, and return of service demonstrate that the defendant was served eleven days prior to the return date in violation of General Statutes § 52-46, and process was returned six days after the return date in violation of General Statutes § 52-46a. The return of service shows that services was made in New Jersey. However, it is not possible to determine whether service of process was proper or improper according to General Statutes § 52-57a from the facts presented. Nevertheless, the court need not decide this question as both service and return of process were untimely. Accordingly, the defendant's motion to dismiss is granted.
D'ANDREA, J. CT Page 12946