[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM DATED MARCH 27, 1995
In this summary process action, the defendant brings a Motion to Dismiss for the plaintiff's failure to return the complaint to court at least three days before the return date. Under P.B. § 143, a Motion to Dismiss is the appropriate vehicle to assert insufficiency of process.
The pertinent facts are not in dispute:
1. The return date on the complaint is February 24, 1995.
2. The complaint was returned to court on February 21, 1995.
3. The clerk's office was closed on Monday, February CT Page 2510-G 20, 1995, which was a legal holiday.
The defendant argues that under C.G.S. § 47a-23a, the complaint in a summary process case must be returned to court at least three days before the return date. Citing Arpaia v. Corrone, 18 Conn. App. 566
(1989), inter alia, the defendant further argues that the plaintiff's failure to comply with § 47a-23a requires a dismissal of the action. In Arpaia, which was also a summary process case, the complaint was returned two days prior to the return day, and the Appellate Court found that the trial court should have dismissed the action upon the timely motion of the defendant.
In response, the plaintiff notes that, with the return date of February 24, 1995, the last day to file this complaint in compliance with the statute fell on a legal holiday, Monday, February 20, 1995. It then argues that under P.B. § 405 and C.G.S. § 51-347c the complaint was properly returned on Tuesday February 21, 1995, the next business day the clerk's office was open. In its memorandum, the plaintiff cites the above statutory and practice book citations and the case ofFDIC v. Jamlane, DN CV920505857 (J.D. Hartford/New Britain), 6 CONN. L. RPTR. 421 (May 19, 1992) (Hammer, J.)
Discussion
The requirements for instituting a summary process action are set forth in C.G.S. § 47a-23a, which reads in pertinent part:
 Such complaint may be made returnable six days, inclusive, after service upon the defendant and shall be returned to court at least three days before the return day. Such complaint may be served on any day of the week.
[Emphases added.]
"[A]t least three days" means three full intervening days. DMD Enterprises v. Idelisse Esquilin, et al, H-968, pp. 2-3 (1991) citing Treat v. Town Planning Zoning Commission, 145 Conn. 136, 139 (1958). The CT Page 2510-H plaintiff concedes it did not return the complaint in compliance with this time requirement.
C.G.S. § 52-48(a) allows a plaintiff in a summary process action to choose "any week day, Monday through Saturday, except a holiday" as a return day. Thus, the plaintiff has a great deal more flexibility in selecting a return day in summary process actions than in other civil actions where the return day must be a Tuesday. C.G.S. § 52-48(a).
The return of the complaint to court passes the physical control of the case from the litigants to the court. "An appearance or any proper pleading may be filed at any time after, although never before, a process is returned to court . . . A case is pending in court from the time it is returned to the court . . . This all takes place even though the return day has not arrived."Algonquin Gas Transmission Co. v. Becker,25 Conn. Sup. 448, 450 (1952). "`It is the actual return of the writ to the court which really puts the action before the court and empowers the court to proceed, even prior to the return day.' 1 E. Stephenson, Connecticut Civil Procedure (2d Ed.) § 21, p. 67." Arpaia v.Corrone, 18 Conn. App. 539, 541 (1989).
The issue before the court is whether § 405 of the Practice Book and § 51-347c of the general statutes apply to summary process actions and in particular to the return of summary process complaints.
C.G.S. § 51-347c reads:
 If the last day for filing of any matter in the clerk's office of the superior court falls on a day on which such office is closed, the last day for such filing shall be the next business day.[1]
In FDIC v. Jamlane, supra, Judge Hammer found that § 405 and § 51-347c apply to the return of a complaint to court. That was not a summary process case, and the sole authority for that holding was a District of Columbia federal case. The defendant alerted the court to the case of Radino v. Arruda, H-270 (1986), a case most on point to the instant matter. In CT Page 2510-I that summary process action, the return day was November 14, 1985, and under that court's interpretation of § 47a-23a, the last day for returning the complaint fell on Monday, November 11, 1985, a legal holiday.[2] The complaint was returned on November 12, 1985. The court noted the application of both C.G.S. § 51-347c and P.B. § 405 and denied the Motion to Dismiss.
If P.B. § 405 and C.G.S. § 51-347c apply to summary process returns, then a plaintiff could choose a return day of Wednesday or Thursday so that the complaint could be returned on Monday, either one or two days prior to the return day. This could not have been the intent of the legislature in promulgating C.G.S. §§ 47a-23a,52-48 or 51-347c. The purpose behind P.B. § 405 and C.G.S. § 51-347c is to promote fairness in the judicial process. Since it is the plaintiff, not the court, that chooses the return day, and since in summary process cases that return day can be any day but Sunday, allowing the application of § 405 and § 51-347c
to summary process returns would not promote the goals behind those provisions. The plaintiff should not need them (because of § 52-48), and the defendant would be prejudiced by the abbreviated time the case is pending before the return day. As noted above, the return to court empowers the court to proceed with the action. Under C.G.S. § 47a-23a, each step of the summary process action by each party and by the court is significantly shorter than in other civil actions.[3]
As Judge Spada noted in Hernandez v. Agosto,
No. SPH 7904-01177-HD, p. 2, (1979) (H-49),
 Summary process is a statutory modification of our previous common law of ejectment. It is a speedy and expeditious remedy intended to resolve summarily the sole issue of possession. Therefore, every statutory safeguard for the protection of defendant tenants requires strict compliance. It is axiomatic that the summary process statute "is to be strictly followed and narrowly construed." Jo-Mark Sand Gravel Company v. Pantanella, 139 Conn. 598
(1953); see also, Dreifuss v. World Art Group, Inc.,
6 Conn. Cir. 309 (1970).
CT Page 2510-J
In light of the policy behind the statutory scheme to summary process and notwithstanding the cases ofRadino v. Arruda, supra, and FDIC v. Jamlane, supra,
the court finds that P.B. § 405 and § 51-347c do not apply to the return of summary process complaints.Williams v. Bronson, 24 Conn. App. 612, 620 (1991); see also Norwich Land Co. v. Public Utilities Commission,170 Conn. 1, 5-7 (1975). Under Arpaia v. Corrone,supra, the late return renders this action voidable. No motion to amend pursuant to § 52-72 was filed. Concept Associates,Ltd. v. Board of Tax Review, 229 Conn. 618
(1994).
Accordingly, the Motion to Dismiss is granted.