[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant moves to dismiss this case arguing that the court lacks jurisdiction because the writ, complaint and summons were made returnable to the judicial district of Hartford, the district in which the plaintiff resides, but were incorrectly returned and filed in the judicial district of Waterbury. The plaintiff objects to the motion to dismiss and also filed a motion to transfer the action to the judicial district of Danbury.
"[A] challenge to the court's jurisdiction is raised by the filing of a motion to dismiss." Park city Hospital v.Commission on Hospitals Health Care, 210 Conn. 697, 702,556 A.2d 602 (1989). "A motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided on that alone." Barde v. Board of Trustees, 207 Conn. 59,62, 539 A.2d 1000 (1988).
General Statutes § 51-347 provides that
 [a]ny writ returnable to a judicial district and any motion, pleading or appearance shall be filed with the clerk of the judicial district to which the writ is returnable as follows: . . . .
 (4)(A) At Hartford if returnable to the judicial district of Hartford-New Britain at Hartford, (B) at CT Page 4159 New Britain if returnable to the judicial district of Hartford-New Britain at New Britain or Bristol[.]
In addition, General Statutes § 52-45a provides that
 [c]ivil actions shall be commenced by legal process consisting of a writ of summons or attachment, describing the parties, the court to which it is returnable, the return day and the date and place for the filing of an appearance. . . .
The case Lada v. Schueler, 3 Conn. L. Rptr. 483 (April 17, 1991, Fuller, J.) presents the same facts as here. In that case, the plaintiff issued a writ, summons and complaint returnable to the judicial district of Fairfield at Bridgeport, but incorrectly returned and filed the same in the Superior Court for the judicial district of Ansonia/Milford at Milford. After reviewing General Statutes § 51-347 and § 52-45a, quoted above, the court held that
 [i]t is apparent from [General Statutes § 52-45a] that the legal process must state the court to which the action is returnable. Implicit in section 52-45a is that the legal process cannot direct the action to be returnable to one judicial district but filed in another district. The plaintiffs had a choice between two judicial districts, but after electing the Fairfield Judicial District at Bridgeport, they could not return the action to another district, and the action was not properly commenced in accordance with the statutory requirements. . . . The actual returning of the writ to court is what brings the action before the court and empowers the court to proceed, and although a defendant in a civil action may consent to the jurisdiction of the court, the court may not proceed with the action until a return of process is made to the court. Arpaia v. Corrone, 18 Conn. App. 539, 541, [559 A.2d 719 (1989)], also holding that a late return of process required the granting of a timely motion to dismiss the action.
 While section 51-351 of the General Statutes provides that "[n]o cause shall fail on the ground that it has been made returnable to an improper location," the plaintiffs' problem here is not CT Page 4160 improper venue when selecting a judicial district in which to bring the action, but rather the failure to file the action in the location described in the documents commencing the civil action. The action was never properly commenced because it was not filed in the Superior Court at Bridgeport. The defendant has raised the jurisdictional defect within 30 days of filing an appearance as allowed by section 142 Connecticut Practice Book, requiring the Court to dismiss the case. Arpaia v. Corrone, supra.
Lada v. Schueler, supra, 3 Conn. L. Rptr. 483.
As the same facts are present in this case, the court finds that the plaintiff never properly commenced the action.
The plaintiff argues that the case Rusch v. Heaney,2 CSCR 252 (1987) (Landau, J.) presents a factual scenario similar to the present case. In Rusch v. Heaney, supra, the plaintiff filed a lis pendens on the defendant's property in Bridgeport and notice was issued reciting that the complaint was returnable to Bridgeport. As in the present case, the plaintiff returned the complaint to the wrong judicial district, Stamford, and the defendant filed a motion to dismiss. The plaintiff then filed a motion to transfer the case to Bridgeport.
The court there held that the case fit within language of Practice Book § 213, which provides as follows:
 A clerk of the court of a judicial district or geographical area should not accept a civil cause which is made returnable to a judicial district or geographical area of which such person is not the clerk. If he does accept and enter such a civil cause, the clerk, upon discovery of the error, shall bring the matter to the attention of the court. The court shall then order the plaintiff to file a motion to transfer with such notice to the defendant as the court may direct. If the plaintiff complies, the motion to transfer shall be granted; but if the plaintiff fails to comply with the court order within a reasonable time, the court shall dismiss the action with costs.
The court, noting that the pleadings on their face indicated a CT Page 4161 return to Bridgeport, concluded that the pleadings should not have been accepted in the Stamford Judicial District. Accordingly, the court held that the case was properly transferred to Bridgeport under Practice Book § 213 and denied the defendant's motion to dismiss. Id.
In the present case, the complaint and summons indicated that it was returnable to Hartford. The plaintiff here, however, is moving to transfer the case to Danbury, where it would also be subject to dismissal.
The court will therefore deny the motion to transfer. The court will also grant the motion to dismiss unless the plaintiff within two weeks moves to transfer this case to Hartford.
McDONALD, J.