[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION (RE: MOTION TO OPEN AND SET ASIDE JUDGMENT)
Family Motor Cars, Inc. (FMC) brought this action as an unlawful Entry and Detainer pursuant to § 47a-43(a).
It was commenced by an order to show cause issued by this Court on December 7, 1995, summoning the defendant to appear in CT Page 3028 court on December 15, 1995.
On December 15, 1995, the defendant, Castleman, appeared in court. The plaintiff, with its attorney, was also present. An evidentiary hearing was held and a Memorandum of Decision was filed on December 21, 1995, finding the issues in favor of the plaintiff and awarding a writ of restitution to FMC.
Castleman has filed a Motion to Open and Set Aside that judgment on the grounds that, 1. Castleman was not personally served with process. 2. Return of Service was not made to the Court. He claims therefore, that the Court was without jurisdiction to hear the matter, citing Danziger v. Shakanitis,
33 Conn. App. (1993); Arpaia v. Corrone, 18 Conn. App. 539, 541
(1989).
The Court does not agree that it lacks subject matter jurisdiction and denies the motion to open and set aside.
There is a distinction between subject matter jurisdiction and personal jurisdiction. This Court clearly has the authority to hear matters of Unlawful Entry and Retainer and/or injunction actions, thus it does have subject matter jurisdiction.
As to whether it has personal jurisdiction, the following facts are necessary to a determination of this issue.
The order to show cause was delivered to a deputy sheriff for service on December 8, 1995. On that date he left a verified true and attested copy of the Order for Hearing with one Howard Dickstein, who was represented to be a vice-president at the office of Castleman (Castleman was not in the office at the time). Dickstein accepted service for Castleman. The sheriff prepared a return of service and mailed it to Family Motor Cars, Inc. By that time Family Motor Cars had ceased operating as a business and the return was never filed in court.
On December 15, 1995, counsel for FMC explained to the Court that two matters were scheduled to be heard, a Motion for Contempt in the underlying summary process case (Lipman v. FamilyMotor Cars, Inc., D.N. 58707) and the subject entry and detainer matter.
Attorney Dwight Schweitzer, representing FMC, asked Attorney Stanley Falkenstein if he was representing Castleman in the CT Page 3029 injunction (entry and detainer matter) and Falksenstein said "yes." Tscpt. Pg. 1-2. Both matters were consolidated and a full evidentiary hearing took place. At the conclusion of the hearing Atty. Falkenstein gave his arguments on the issue of injunctive relief. Tscpt.Pg. 86.
It is generally held that if a party does any act that recognizes a case as pending in court and deals with the merits of the case he subjects himself to the Court's jurisdiction.Iffland Lumber Co. v. Tucker, 33 Conn. Sup. 692, 695 (1976); 5 AM.Jur.2d Appearances, Sec. 16.
A party may waive its objection to a trial court's erroneous exercise of personal jurisdiction if that party generally appears and actively contests the issues. In Re: Baby Girl B., 224 Conn. 263,292 (1992).
This type of case is somewhat distinguishable from the ordinary civil case where there is no court file until a return is made to the court. Even so, late return of process renders the ordinary civil action voidable-not void. Arpaia v. Corrone,18 Conn. App. 539, 541 (1989). In this case, the action was actually pending in court when the Order to Show Cause was signed, and the defendant ordered to appear. The defendant did in fact come into court, acceded to the jurisdiction and acceded to a full hearing on the merits.
Castleman himself an attorney, was represented by counsel and was not prejudiced in any way by any defect in service. The chief purpose of service is to ensure actual notice to the defendant that an action is pending. Udolf v. Swerdloff, D.N. CV 92-518160 Judicial District of Hartford at Hartford (6/8/1993).
Under the facts of this, the Court finds the defendant has waived any defects of service and has submitted to the jurisdiction of the court.
The Motion to Open and Set Aside is denied.
Klaczak, J.