[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
This is an action by the plaintiff conservator against the defendant insurer seeking reimbursement for damages and losses to the home and the personal property of the ward caused by the breaking of water pipes due to a malfunction of the oil burner in the home. The complaint alleges that the policy was in full force and effect, that the premiums had been paid, and that the casualty occurred.
The defendant moves to dismiss the action on the basis that "the plaintiff failed to return the complaint to the Clerk of the CT Page 8865 Superior Court at least six (6) days before the Return Date in violation of General Statutes § 52-46a."
The file reflects the following sequence of events. The complaint was signed April 14, 1996. The complaint bore a return day of May 21, 1996. The complaint was served by the sheriff on April 19, 1996. The defendant, by its attorneys, forwarded to the court its appearance on April 29, 1996, twenty-two days prior to the return day.
The clerk's office, having first stamped in the appearance, thereafter, on May 28, 1996, coincidentally the same day as the actual return of process, returned the appearance to the defendant. The reason for returning the appearance is not set forth on the appearance slip, which was later refiled. However, the court form, attached to this motion as "Exhibit A", states "____ 12. Our records do not disclose a case captioned or returnable as the enclosed." This transmittal form is signed by the Assistant Clerk and dated May 28, 1996.
The complaint was returned to Court late in the day, 4:23 p.m., on May 28, 1996, seven days after the return date.
On May 22, 1996, the day after the listed return day, the defendant had transmitted to the plaintiff "the defendant's May 22, 1996 Interrogatories and Requests for Production within the time provided under the Rules of Practice." The defendant, on June 27, 1996 by motion dated June 26, 1997 filed a Motion for Nonsuit against the plaintiff for failure of the plaintiff to respond to the Interrogatories and Production which it had served on the plaintiff on May 22, 1996, per the above quotation from the motion for nonsuit. The defendant also retransmitted to the Court its appearance, which is stamped as received by the Court on June 27, 1996, which is the same day as the aforesaid motion for nonsuit. The appearance and the motion for nonsuit are stamped in within two minutes of each other.
The next day, June 28, 1996, the defendant filed with the Clerk of the Court this motion to dismiss. This motion to dismiss was obviously filed within thirty days of the filing of the formal appearance document, which had originally been returned by the Clerk of the Court because the complaint had not been returned to Court as of the date of original transmittal. The record is clear that the process was not returned to the Court within six days prior to the return day, as specified by General CT Page 8866 Statutes § 52-46a.
To add to the complexity of the circumstances the defendant had attempted to file its appearance on April 26, 1996, almost four weeks prior to the Return Date.
Although Section 66 of the Practice Book states that "an appearance for a party should be filed on or before the second day following the return day", filing so far in advance of the return date should lead to a reasonable expectation that the process will not yet have been returned to court, and hence that an appearance form may well ultimately be returned by the Clerk. The Court acknowledges the defendant's contention that defendants have no practical way of knowing whether process has been returned to Court, so as to accept an appearance, without engaging in the impractical procedure of contacting the clerk's office each day, in perpetuity, to determine whether the process has been returned so as to be able to file an appearance.
The Court accepts the defendant's contention that the rejection of the formal appearance by the clerk is tantamount to nonfiling, and the record cannot be read so as to conclude that the formal appearance form was actually filed and accepted by the Court on the attempted filing date of April 29, 1996, so as to cause the 30-day period to commence to run from that date. SeeVan Mecklenburg v. Pan American World Airways, Inc., 196 Conn. 517,519 (1985).
Practice Book Section 142 provides "Any defendant, wishing to contest the Court's jurisdiction, may do so by filing a motion to dismiss within thirty days of the filing of an appearance."
Late return of process is not a "circumstantial error", as referred to in General Statutes § 52-123, and hence that statute would not preclude the dismissal of this action.
 "The plaintiffs argue that the late return of process was a `circumstantial error' within the meaning of § 52-123 and, therefore, this matter should not have been dismissed. We do not agree."
 Rogozinski v. American Food Service Equipment Corporation, 211 Conn. 431, 433 (1989).
CT Page 8867
The failure of the plaintiff to return the writ to court, in accordance with the dictates of General Statutes § 52-46a
causes the process to be abatable.
"The failure to meet the statutory requirements for the return of process rendered the case subject to dismissal."
 Arpaia v. Corrone, 18 Conn. App. 539, 541 (1989).
The Court expresses some concern about the procedural dilemma presented by this case. It does not appear that late return of process affects subject matter jurisdiction, but rather falls into the category of in personam jurisdiction.
"General Statutes § 52-46a states in relevant part that `process in civil actions . . . shall be returned . . . to the clerk of [the superior court] at least six days before the return day'. `This statute is mandatory and failure to comply with its requirements as to the time when process shall be served renders the process voidable and subject to abatement."
 Rogizinski v. American Food Service Equipment Corporation,
supra, P 433. (Emphasis added)
"An improperly executed writ or citation does not, therefore, affect subject matter jurisdiction of the trial court. As a defect in having the court acquire personal jurisdiction over the defendant, an improperly executed citation may be waived by the defendant.:
 Brunswick v. Inland Wetlands Commission, 222 Conn. 541, 551
(1992).
Practice Book Section 142 allows a defendant to file a motion to dismiss within thirty days of the filing of a general appearance. Practice Book Section 223 allows the defendant to file Interrogatories "without leave of the court at any time after the return day", and to allow the filing of a motion for nonsuit based upon a claim of in personam jurisdiction thereby theoretically invoking the Court's jurisdiction for failure to respond to Interrogatories, which is incongruous with a claim of CT Page 8868 lack of in personam jurisdiction.
Nonetheless, Practice Book Section 112 does not place either the transmitting of interrogatories or the filing motions for nonsuit into the mandatory sequence of pleadings such as to preclude the filing of a motion to dismiss, and so as to cause preclusion or waiver of the right to file this motion to dismiss under the provisions Practice Book Section 113.
Hence the concept of activity constituting an appearance, without the necessity of the filing of a formal appearance form in the manner set forth in Practice Book Section 64, as is discussed in early Connecticut cases (see Schoonmaker v.Albertson Douglas Machine Co., 51 Conn. 387, 393, 394 (1993), does not appear to be applicable to the present circumstances.
For the reasons set forth herein, the late return of the process to court, together with the filing of the motion to dismiss within a day after the filing and acceptance by the court of the defendant's appearance, causes the court to conclude that it has no discretion but to dismiss the action.
Consequently, the motion to dismiss is granted.
L. Paul Sullivan, J.