[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: THIRD-PARTY DEFENDANT'S MOTION TO DISMISS (#124)
 FACTS
On July 9, 1998, the plaintiff, Jose I. Ortiz, brought an action against the defendant, Bridgeport Hospital, seeking damages for injuries sustained allegedly due to the defendant's negligence. Specifically, while a patient at Bridgeport Hospital for treatment of a broken femur, the plaintiff allegedly slipped and fell on a wet floor, thus exacerbating his injuries and incurring additional medical costs. CT Page 11205
The defendant, on or about November 16, 1998, served a third-party complaint on Aramark Healthcare Support Services ("Aramark"), the entity which was allegedly contractually obligated to perform all maintenance duties of the defendant's premises. This third-party complaint, which bore a return date of December 22, 1998, was not filed or returned in this court until January 25, 1999. Because of this untimely return in contravention of the express requirements of General Statutes §52-46a,[1] the thirdparty defendant, Aramark, now moves this court to dismiss the third-party complaint for lack of personal jurisdiction due to insufficient service of process.
 DISCUSSION
"[I]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Lawrence Brunoli.Inc. v. Branford, 247 Conn. 407, 410, 722 A.2d 271 (1999). "The motion to dismiss shall be used to assert lack of jurisdiction over the person . . . and . . . insufficiency of service of process." Practice Book § 10-31; Zizka v. Water Pollution ControlAuthority, 195 Conn. 682, 687, 490 A.2d 509 (1985). "Facts showing the service of process in time, form, and manner sufficient to satisfy the requirements of mandatory statutes in that regard are essential to jurisdiction over the person." (Emphasis in original; internal quotation marks omitted.)Bridgeport v. Debek, 210 Conn. 175, 179-80, 554 A.2d 728 (1989). As grounds for its motion, Aramark states that there was insufficient service of process because the third-party plaintiff failed to comply with General Statutes §§ 52-46a and 52-48 (b), in that it untimely returned process to this court. As a result, Aramark argues, this court should dismiss the third-party complaint for lack of jurisdiction over the person.
The third-party plaintiff opposes the motion on the grounds that: (1) Aramark waived its right to contest personal jurisdiction because it had already filed discovery requests prior to the filing of its motion to dismiss; (2) Aramark suffered no prejudice by the late return of process; and (3) as a practical matter, if the motion is granted, the third-party plaintiff may simply replead under the accidental failure of suit statute. CT Page 11206
The third-party plaintiff's argument that the filing of discovery requests prior to moving for dismissal amounts to a waiver to contest personal jurisdiction or insufficient service of process is without merit. "It is fundamental that jurisdiction over a person can be obtained by waiver." Pitchell v. Hartford,247 Conn. 422, 428, 722 A.2d 797 (1999). "Any claim of lack of jurisdiction over the person or improper venue or insufficiency of process or insufficiency of service of process is waived if not raised by a motion to dismiss filed in the sequence provided in Secs. 10-6 and 10-7 and within the time provided by Sec.10-30." Practice Book § 10-32; see also Plasil v. Tableman,223 Conn. 68, 72 n. 6, 612 A.2d 763 (1992). "There is no provision in the Practice Book which provides that . . . claims [of lack of personal jurisdiction or insufficiency of service of process] are waived by filing discovery requests." Udolf v. Swerdloff, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 518160 (April 22, 1993, Hennessey, J.) (8 CSCR 540).
In Udolf v. Swerdloff, supra, the plaintiff made the same argument as the thirdparty plaintiff does here — that "the defendants waived their right to assert a lack of personal jurisdiction when they served on plaintiff a set of interrogatories and requests for production before filing their motion to dismiss." Udolf v. Swerdloff, supra, 8 CSCR 540. In that case, Judge Hennessey noted the absence of authority for such a proposition, and held that service of discovery requests prior to the filing of a motion to dismiss does not amount to a waiver. Id. This court finds the reasoning and holding in Udolfv. Swerdloff persuasive. The cases cited by the third-party plaintiff merely stand for the well-settled proposition that defects in service of process are waivable upon a party's consent to the exercise of jurisdiction; see, e.g., New Haven v. Local884, 237 Conn. 378, 386 (1996); Rummel v. Rummel,33 Conn. App. 214, 219 (1993); not to directly support its contention that the filing of discovery requests amounts to a waiver.
Accordingly, the court holds that Aramark's filing or service of discovery requests does not amount to a waiver to contest the court's exercise of personal jurisdiction due to insufficient service of process.
The third-party plaintiff also argues that the motion to dismiss should be denied because Aramark has not suffered any prejudice as a result of the service defect. In response, Aramark CT Page 11207 argues that notwithstanding a lack of prejudice, this court cannot allow an amended return date when process was not returned within two months of the date of process. Both parties rely onCoppola v. Coppola, 243 Conn. 657, 666, 707 A.2d 281 (1998).
"Those defects which are merely voidable may, in the trial court's discretion, be cured by amendment, and do not require new service and return date, so long as the defendant was not prejudiced." Hartford National Bank Trust Co. v. Tucker,178 Conn. 472, 479, 423 A.2d 141 (1979). "A return date may be amended but it still must comply with the time limitations set forth in § 52-48 (b). . . . [which] requires that "[a]ll process shall be made returnable not later than two months after the date of the process.' Section 52-48 (b), therefore, with its two month limit, circumscribes the extent to which a return date may be amended." Coppola v. Coppola, 243 Conn. 657, 666-67, 707 A.2d 281
(1998).
In the present case, the date of process of the third-party complaint is November 16, 1998. Therefore, the two-month limit in which to set a return date pursuant to § 52-48 (b) would be on or about January 16, 1999. Since the third-party plaintiff did not return process to this court until January 25, 1999, the court cannot permit an amendment to the return date so as to make the return of process which occurred in this case nondefective. Accordingly, notwithstanding a supposed lack of prejudice to Aramark, pursuant to § 52-48 (b) and the holding in Coppola v.Coppola, supra, the court cannot amend the return date in the present case.
The third-party plaintiff also argues that because it may re-commence its action pursuant to the accidental failure of suit statute, see General Statutes § 52-592,[2] it would be futile to grant the motion to dismiss. Aramark argues in response that the jurisdictional defect is voidable, and the court must dismiss the action if Aramark does not choose to waive the defect.
"The late return of process renders the action voidable and, if the defendants choose not to waive the jurisdictional defect of a late return, the trial court must dismiss the action."Arpaia v. Corrone, 18 Conn. App. 539, 541, 559 A.2d 719 (1989).
The third-party plaintiff's mere assertion that it may simply re-commence its third-party action via the accidental failure of suit statute is not a sufficient ground to preclude the court at CT Page 11208 this time from ruling on a jurisdictional defect. See Thompson v.Jonason, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 348697 (April 8, 1998, Skolnick, J.).
 CONCLUSION
The court finds that the third-party plaintiff failed to return process to this court within the time frame imposed by General Statutes § 52-46a, and Aramark's filing of discovery requests prior to its motion to dismiss did not act as a waiver to object to the sufficiency of service of process and personal jurisdiction. Further, the third-party plaintiff's remaining arguments are without merit.
Accordingly, Aramark's motion to dismiss is granted.
Martin, J.