[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The marriage of the parties was dissolved on September 13, 1999. There are two minor children issue of the marriage: Damian C. Allicock, born September 23, 1989 and Du-vone Allicock born January 22, 1991. The court, Cohen, J.T.R., awarded sole custody to the plaintiff mother and ordered the defendant inter alia to pay $1.00 per year alimony, $100.00 per week unallocated child support and to pay 30% of all unreimbursed medical cost.
The support enforcement division commenced a contempt citation against the defendant in November 1999. It claims to have cited the defendant for a court date of January 19, 2000. The defendant was present in court on that date but the case was continued. After several continuances the defendant filed a request for court-appointed counsel claiming indigency. On August 24, 2000 the court, Alvord, F.S.M, granted the request and appointed Attorney Sean Crowshaw to represent the defendant. After reviewing the file, counsel noted the absence of the original contempt citation in the file and gave oral notice of his intention to file a motion to dismiss. The court ordered the defendant to post a $2,000.00 appearance bond and allowed 30 days to the defendant his motion to dismiss and his brief. The motion and brief were timely filed pursuant CT Page 2457 to Practice Book § 25-13. The State filed an untitled pleading which sufficiently sets forth its legal argument so as to comply with the requirement that an adverse party who objects file a memorandum of law[1].
The defendant claims that this court lacks subject matter jurisdiction to hear this contempt citation because the original citation was never returned to the court as required by General Statutes § 52-46a[2]. "It is axiomatic that once the issue of subject matter jurisdiction is raised, it must be immediately acted upon by the court. StatewideGrievance Committee v. Rozbicki, 211 Conn. 232, 245, 558 A.2d 986
(1989); Cahill v. Board of Education of Stamford, 198 Conn. 229, 238,502 A.2d 410 (1985)." Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914
(1991).
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Park City Hospital v. Commission on Hospitals Health Care, 210 Conn. 697, 702, 556 A.2d 602 (1989); Zizka v. WaterPollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509 (1985);Young v. Red, 14 S.M.D. ___ (2000). "A ruling on a motion to dismiss is neither a ruling on the merits of the action; Amore v. Frankel,29 Conn. App. 565, 570-71, 616 A.2d 1152 (1992), [rev'd on other ground,228 Conn. 358, 636 A.2d 786 (1994)]; nor a test of whether the complaint states a cause of action. Pratt v. Old Saybrook, 225 Conn. 177, 185,621 A.2d 1322 (1993); see Practice Book § 143 [now § 10-31]. Motions to dismiss are granted solely on jurisdictional grounds.Caltabiano v. Phillps, 23 Conn. App. 258, 265, 580 A.2d 67 (1990); see Practice Book § 143 [now § 10-31] (Internal quotation marks omitted); Discover Leasing, Inc. v. Murphy, 33 Conn. App. 303, 306-307,635 A.2d 843 (1993)." Villager Pond, Inc. v. Town of Darien,54 Conn. App. 178, 182, 734 A.2d 1031 (1999).
The defendant argues that the lack of a return of the contempt citation to the court clerk is a fatal defect. The defendant does not contest the validity of the service of process upon him. Rather, he claims that because the process was never returned to the court, it was incomplete and further that the absence of the citation itself deprives the court of subject matter jurisdiction to hear the contempt. The court agrees.
In considering a challenge of this nature it is instructive at the outset to recollect that the Family Support Magistrate Division is a statutory court. Osborn v. Stamford Zoning Board of Appeals,11 Conn. Sup. 489, 504, 534 (1943); Jorgensen v. Jorgensen, 1 S.M.D. 34 (1987). The Superior Court conducting similar proceeding may well have greater flexibility in crafting a remedial response. It is a constitutional court and has equitable powers and rule-making capability CT Page 2458 absent in this division.
Unlike a judge of the Superior Court, the powers of a Family Support Magistrate to enforce support orders are wholly statutory. General Statutes § 46b-231 (m)(1) and (7)[3]. Where an action "depends upon statutory authority . . . noncompliance with the statutory requirements . . . implicates subject matter jurisdiction and renders a nonconforming [action] subject to dismissal." Tolly v. Department of Human Resources,225 Conn. 13, 27, 621 A.2d 719 (1993); McQuillan v. Department of LiquorControl, 216 Conn. 667, 670, 583 A.2d 633 (1990); Tarnopol v. ConnecticutSitting Council, 212 Conn. 157, 163, 561 A.2d 931 (1989); HillcroftPartners v. Commission on Human Rights Opportunities, 205 Conn. 324,326-27, 533 A.2d 852 (1987); Chestnut Realty, Inc. v. Commission on HumanRights Opportunities, 201 Conn. 350, 356, 514 A.2d 749 (1986);Basilicato v. Department of Public Utility Control, 197 Conn. 320, 324,497 A.2d 48 (1985); Exchange Buffet Corporation v. Rogers, 139 Conn. 374,376, 94 A.2d 22 (1952); Greenwood v. Velsor, 7 S.M.D. 65, 71, 13 Conn.Fam.L.J. 15 (1993).
The State notes that prior to filing the motion to dismiss the defendant had been present in court several times in response to the citation. Indeed the file confirms that the contempt citation appeared on dockets six times between January and August when counsel was first appointed. The defendant was present on three of the six occasions although he never filed an appearance. Was this a question of personal jurisdiction or mere procedural deficiency a strong argument could be made for waiver.
However, want of subject matter jurisdiction cannot be waived. "Any claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found after suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the judicial authority shall dismiss the action." Practice Book § 25-14. "Whenever a court discovers that it has no jurisdiction, it is bound to dismiss [the motion] without regard to previous rulings." Cahill v. Board ofEducation of Stamford, 198 Conn. 229, 238, 502 A.2d 410 (1985);Chzrislonk v. New York, N.H. H.R. Co., 101 Conn. 356, 358, 125 A. 874
(1924).
The failure to return the citation to the court is not cured by the filing of a photocopy. In its brief, the State says it "wishes that the original of the contempt citation were in the court file." It then suggests that "since the original is not obtainable, the copy of the contempt citation is legally sufficient. . . ." As authority for this assertion it offers an analysis of provisions of the Connecticut Code of Evidence which allows photocopies to be admitted into evidence under CT Page 2459 certain circumstances. These provisions amount to a codification of the common law best evidence rule. Under this rule, the secondary evidence or copy is admissible where the proponent explains the failure to produce the original such as the original was destroyed, unreachable by civil process or in the possession of the adverse party. Connecticut Code of Evidence § 10-3; C. Tait J. LaPlante, Connecticut Evidence (2d Ed. 1988) § 10.11.1, p. 306; McCormick, Evidence (3d Ed. 1984) § 230; Wigmore, Evidence (2d Ed.) § 1174; Brookfield v. CandlewoodShores Estates, Inc., 201 Conn. 1, 10-12, 513 A.2d 1218 (1986); Woicickyv. Anderson, 95 Conn. 534, 536, 111 A. 896 (1920).
In the present case the State offers no explanation of its failure to return the original citation to court. It simply states that the original is unavailable. This would not suffice under the best evidence rule.State v. DeWolf, 8 Conn. 92, 100 (1830). More comprehensive analysis of the rules of evidence is not necessary. The citation in this case is not evidence. It is the very res of the matter proposed to be brought before the court. Therefore the original document is indispensable to the court's power to proceed.
In a similar case in this division the State purported to commence a paternity action but failed to return the petition to court. The court found that the absence of an original petition in the file deprived the court of subject matter jurisdiction and dismissed the petition. The court stated: "It is axiomatic that for a court to have jurisdiction over a petition, the has to be a petition. . . . Certainly, if late return of service renders a writ subject to dismissal, Rogozinski v. American FoodService Equipment Corp., 211 Conn. 431, 435, 559 A.2d 1110 (1989); Dossv. Adams, 6 S.M.D. 238, 240-41 (1992), then all the more so where there is no return whatsoever." Greenwood v. Velsor, 7 S.M.D. 65, 71, 13 Conn.Fam.L.J. 15 (1993) (emphasis in original).
A court may not proceed with an action until the return of process is made to the court. Arpaia v. Corrone, 18 Conn. App. 539, 541, 559 A.2d 719
(1989); Algonquin Gas Transmission Co. v. Becker, 25 Conn. Sup. 448,206 A.2d 846 (1952). "It is the actual return of the writ to the court which really puts the action before the court and empowers the court to proceed. . . ." 1 E. Stephenson, Connecticut Civil Procedure (2d Ed.) § 21, p. 67.
"Until such time as a proper return is made to the court, it lacks jurisdiction to consider the matter. Even though a defendant in a civil action may consent to the jurisdiction of the court, that court will still not have the power to proceed with the action until a proper return of process is made to the court." Danziger v. Shaknaitis, 33 Conn. App. 6,10, 632 A.2d 1130 (1993). CT Page 2460
This court is cognizant that our Supreme Court recently allowed a curative amendment pursuant to General Statutes § 52-72 to resurrect an action that was returned late. Coppola v. Coppola, 243 Conn. 657,707 A.2d 281 (1998). That case is inapplicable here. The court clearly stated that the remedial amendment must be filed within the two month return period allowed under General Statutes § 52-48 (b). Id., 666. In the present case the two months long since passed. No curative amendment was filed, nor could there be.
The defect here is not merely a late return but the absence of a return and of the citation itself. "The fact that in so few cases since the original enactment in 1744 has it had occasion to refer to this provision, as well as the language used when it has done so, is indicative that the statute's requirements have been deemed to plain for question."Rogozinski v. American Food Service Equipment Corp., supra, 211 Conn. 433;Daley v. Board of Police Commissioners, 133 Conn. 716, 719-20, 54 A.2d 501
(1947); see Chevalier v. Wakefield, 85 Conn. 374, 375, 82 A. 973 (1912); E. Stephenson, supra, § 22, p. 73.
Accordingly, the motion to dismiss is granted and the contempt citation is dismissed.
BY THE COURT _________________________ Harris T. Lifshitz Family Support Magistrate